**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN O. OJENIYI, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLINVILLE TOWNSHIP, OFC. NICHOLAS LOCILENTO, and SGT. MATTHEW DECESARI, <br><br> Defendants. | No. 1:19-cv-14568-NLH-KMW <br><br><br> **MEMORANDUM OPINION & ORDER** |

**HILLMAN**, District Judge

WHEREAS, Plaintiff Brian O. Ojeniyi filed a complaint against Defendants Franklinville Township, Ofc. Nicholas Locilento, and Sgt. Matthew Decesari on July 1, 2019 (ECF No. 1); and

WHEREAS, Judge Simandle entered an Order administratively terminating the action on July 2, 2019 due to Plaintiff's failure to either pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"), and permitting Plaintiff to file such an application within 30 days (ECF No. 2); and

WHEREAS, on July 10, 2019, Plaintiff filed an IFP application (ECF No. 3); and

WHEREAS, on February 3, 2020, this case was transferred to this Court for all further proceedings (ECF No. 5); and

WHEREAS, on April 6, 2020, having received a proper IFP

application from Plaintiff, this Court entered an Order granting the IFP application, dismissing certain claims including all claims against Defendant Franklinville Township, and otherwise permitting Plaintiff's complaint to proceed (ECF No. 6); and

WHEREAS, on May 6, 2020, the notice of electronic filing that had been mailed to Plaintiff's address of record at the Salem County Jail was returned as undeliverable (ECF No. 7); and

WHEREAS, further notices or forms mailed to Plaintiff have since repeatedly been returned as undeliverable (ECF No. 10, 13, and 15); and

WHEREAS, Local Civil Rule 10.1 requires parties to apprise the Court of any changes in their address. See L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."); and

WHEREAS, Plaintiff has failed to do update his address, and Local Civil Rule 10.1 provides that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court;" and

WHEREAS, aside from his failure to update his address, Plaintiff has further failed to file anything in this case since December 30, 2019 (ECF No. 4), and has otherwise done nothing to further the action or prosecute his case; and

WHEREAS, this Court issued an Order to Show Cause on April 23, 2020, granting Plaintiff 30 days to show cause for why this action should not be dismissed for lack of prosecution pursuant to Local Civil Rule 41.1(a) (ECF No. 14), which was returned as undeliverable; and

WHEREAS, courts in this Circuit consider the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) in determining any appropriate sanction for a plaintiff's failure to abide by Court Orders or the relevant rules; and

WHEREAS, Poulis sets forth six factors that courts in this Circuit consider in determining whether the sanction of dismissal is appropriate: the extent of the party's personal responsibility for the late filing, the prejudice to the adversary caused by the failure to meet deadlines, a history of dilatoriness, whether the conduct of the party was willful or in bad faith, the effectiveness of sanctions other than dismissal, and the meritoriousness of the action. Poulis, 757 F.2d at 868; and

WHEREAS, as to the first Poulis factor, the extent of the party's personal responsibility, Plaintiff is appearing *pro se* in this action and is therefore personally responsible for any delays and the failure to abide by the relevant Rules and Orders of this Court, Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir.

3

2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). The Court therefore finds that the first Poulis factor weighs in favor of dismissal; and

WHEREAS, as to the second Poulis factor, prejudice to the adversary, the Defendants in this action have never filed any appearance or likely even been served, and the Court therefore finds that this factor weighs against dismissal; and

WHEREAS, as to the third Poulis factor, the history of dilatoriness, Plaintiff has failed to file anything in this action in nearly 18 months, and has failed to update his address despite mail having been returned undeliverable numerous times over the past 13 months, and the Court therefore finds that this factor weighs in favor of dismissal; and

WHEREAS, as to the fourth Poulis factor, whether the conduct of the party was willful or conducted in bad faith, although there is no evidence that Plaintiff has acted in bad faith, the Court finds that given the extremely lengthy delay since Plaintiff's last filing in this action 18 months ago, and his failure to update his address at any point during that time frame or attempt to further prosecute this action, the Court finds that Plaintiff has willfully chosen not to take further

4

steps to move this action forward and that this factor therefore weighs in favor of dismissal; and

WHEREAS, as to the fifth Poulis factor, the effectiveness of sanctions other than dismissal, the Court finds that no sanction short of dismissal would be appropriate here. Plaintiff has not filed anything in this action since December 2019, and has never made any attempt since then to update his address or pursue his claims, leaving the Court with no ability to further contact Plaintiff. The Court therefore finds that the only appropriate sanction at this stage is dismissal; and

WHEREAS, as to the sixth Poulis factor, the meritoriousness of the claim or defense, the Court cannot reach a conclusion, because Plaintiff has failed to take any steps to pursue his claims beyond the filing of the initial Complaint. The Court therefore finds this factor is neutral in its analysis of whether to permit this action to proceed; and

WHEREAS, the Court therefore finds that four out of the six Poulis factors weigh in favor of dismissal; and

WHEREAS, the Court therefore finds that dismissal of this appeal for failure prosecute pursuant to L. Civ. Rule 41.1(a) and for failure to update Plaintiff's address pursuant to L. Civ. Rule 10.1 is appropriate;

THEREFORE,

IT IS HEREBY on this 21st day of June, 2021

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for failure to prosecute pursuant to Local Civil Rule 41.1(a) and for failure to apprise the Court of his change in address pursuant to Local Civil Rule 10.1; and it is further

ORDERED that the Clerk shall mark this case as CLOSED.


At Camden, New Jersey            /s Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.